## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

WILDEARTH GUARDIANS                )
516 Alto Street                                      )
Santa Fe, New Mexico 87501              )
                                                             )
         Plaintiff,                                     )          Case No. 1:18-cv-121
                                                             )
v.                                                          )
                                                             )
BUREAU OF LAND MANAGEMENT   )
1849 C Street NW                               )
Washington, D.C. 20240                     )
                                                             )
         Defendant.                                 )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.         Defendant United States Bureau of Land Management ("BLM") has wrongfully

withheld records responsive to requests made by Plaintiff WildEarth Guardians

("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et*

*seq.*

2.         Guardians requested records relating to five competitive oil and gas lease sales in

Montana and Wyoming (collectively the "Oil/Gas Lease Sales" FOIA requests). The

records sought will shed light on the BLM's process for preparing federal public minerals

in Montana and Wyoming for sale, the communications occurring between BLM state

offices and the national office, and which oil and gas companies have nominated federal

public minerals for lease. These records are important because Guardians consistently

participates in the oil and gas lease sale process in Montana and Wyoming and regularly

informs its members and the public about the BLM's actions. Guardians seeks to inform its members and the public about the impacts from the federal oil and gas leasing program, including the release of greenhouse gas emissions which contribute to the warming of our climate, an increase in air and water pollution, damage to wildlife, and harm to the overall health of the American West.

3.      Contrary to FOIA, the BLM failed to make a determination on any of Guardians' Oil/Gas Lease Sales FOIA requests within the time limits required by the statute and failed to produce any of the records sought. Guardians requests an order declaring that the BLM has violated FOIA, directing the BLM to make determinations on Guardians' FOIA requests, and compelling the BLM to immediately provide Guardians with the records it has requested by a date certain.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5.      This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6.      This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because defendant is an agency of the United States with its

primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**PARTIES**

8.      Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 202,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

9.      Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

10.     Guardians, its staff, or one or more of its members are directly injured by the BLM's failure to comply with the statutory requirements of FOIA and a favorable

outcome of this litigation will redress that injury. Guardians brings this action on behalf of itself, its staff, and its members.

**11.**     Defendant United States Bureau of Land Management ("BLM") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the BLM with the duty to provide public access to records in its possession. The BLM has possession of the records sought by Guardians. The BLM is denying Guardians access to its records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

12.     FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

**The MT June 2017 Lease Sale FOIA Request (BLM-2017-00670)**

13.     On June 2, 2017, Guardians submitted a FOIA request to the BLM. Guardians' FOIA request was for any and all records concerning or relating to "the BLM Montana State Office's proposal to hold a competitive oil and gas lease sale on June 13, 2017" (the "MT June 2017 Lease Sale" request).

14.     On June 5, 2017, Guardians received confirmation from the BLM that it received Guardians' MT June 2017 Lease Sale FOIA request and that its request was being processed. The BLM assigned the number "BLM-2017-00670" to the request.

15.     In its June 5, 2017, letter, the BLM stated it would be placing the request under the "Normal" processing track, 43 C.F.R. § 2.15. The BLM did not provide a date certain upon which it expected the MT June 2017 Lease Sale request to be processed.

16.     On June 14, 2017, the BLM sent Guardians a notification that its request for a fee waiver had been granted. The letter did not provide a date certain by which Guardians could expect a determination on the MT June 2017 Lease Sale request.

17.     On June 26, 2017, the BLM sent Guardians a status update on the MT June 2017 Lease Sale request. The BLM asserted that the Agency's search for responsive documents was ongoing and that the Agency remains unable to make a determination on Guardians' request.

18.     Having received no further communications from the BLM related to its MT June 2017 Lease Sale FOIA request, on November 17, 2017, Guardians sent an email to the BLM FOIA Officer inquiring about the status of its request. The BLM FOIA Officer did not respond to Guardians' inquiry.

19.     Having still not received further communications from the BLM related to its FOIA request, on January 16, 2018, Guardians sent a second email to the BLM FOIA Officer inquiring about the status of its request. On January 17, 2018, the BLM FOIA Officer responded stating only that the agency hopes to make a determination on the request in 30 days.

20.     More than 157 days have passed since Guardians submitted its June 2, 2017, FOIA request to the BLM.

21.     To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' MT June 2017 Lease Sale FOIA request or disclosed records responsive to its request.

22.     Guardians has fully exhausted its administrative remedies for its MT June 2017 Lease Sale FOIA request to the BLM. Administrative remedies are deemed exhausted

whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

**The MT December 2017 Lease Sale FOIA Request (BLM-2017-01016)**

23.    On August 30, 2017, Guardians submitted a second FOIA request to the BLM. Guardians' FOIA request was for any and all records concerning or relating to "the competitive oil and gas lease sale scheduled for December 12, 2017 in the Miles City Field Office" (the "MT December 2017 Lease Sale" request).

24.    On September 1, 2017, Guardians received confirmation from the BLM that it received Guardians' MT December 2017 Lease Sale FOIA request and that its request was being processed. The BLM assigned the number "BLM-2017-01016" to the request.

25.    In its September 1, 2017, letter, the BLM stated it would be placing the request under the "Complex" processing track, 43 C.F.R. § 2.15. The BLM did not provide a date certain upon which it expected the request to be processed.

26.    Having received no further communications from the BLM related to its MT December 2017 Lease Sale FOIA request, on December 13, 2017, Guardians sent an email to the BLM FOIA Officer inquiring about the status of its request.

27.    On December 21, 2017, the BLM FOIA Officer responded to Guardians' inquiry stating that while the Agency is working on the request, it is unable to provide an estimated date of completion.

28.    More than 95 days have passed since Guardians submitted its August 30, 2017, FOIA request to the BLM.

29.     To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' MT December 2017 Lease Sale FOIA request or disclosed records responsive to its request.

30.     Guardians has fully exhausted its administrative remedies for its MT December 2017 Lease Sale FOIA request to the BLM. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

**The MT March 2018 Lease Sale FOIA Request (BLM-2018-00069)**

31.     On October 13, 2017, Guardians submitted a third FOIA request to the BLM. Guardians' FOIA request was for any and all records concerning or relating to "the competitive oil and gas lease sale scheduled for March 13, 2018" (the "MT March 2018 Lease Sale" request). The request further asked that the Agency prioritize any Expressions of Interest ("EOIs") received by the Billings and Butte Field Offices in its response.

32.     On October 18, 2017, Guardians received confirmation from the BLM that it received Guardians' MT March 2018 Lease Sale FOIA request and that its request was being processed. The BLM assigned the number "BLM-2018-00069" to the request.

33.     In its October 18, 2017, letter, the BLM stated it would be placing the request under the "Normal" processing track, 43 C.F.R. § 2.15. The BLM did not provide a date certain upon which it expected the request to be processed.

34.     Having received no further communications from the BLM related to its MT March 2018 Lease Sale FOIA request, on November 16, 2017, Guardians sent an email to the BLM FOIA Officer inquiring about the status of its request.

35.     On November 22, 2017, the BLM FOIA Officer responded to Guardians' inquiry stating that while the Agency is working on the request, it is unable to provide an estimated date of completion.

36.     More than 65 days have passed since Guardians submitted its October 13, 2017, FOIA request to the BLM.

37.     To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' MT March 2018 Lease Sale FOIA request or disclosed records responsive to its request.

38.     Guardians has fully exhausted its administrative remedies for its MT March 2018 Lease Sale FOIA request to the BLM. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

**The WY March 2018 Lease Sale FOIA Request (BLM-2018-00068)**

39.     On October 16, 2017, Guardians submitted a fourth FOIA request to the BLM. Guardians' FOIA request was for any and all records concerning or relating to "the competitive oil and gas lease sale scheduled for first quarter 2018" (the "WY March 2018 Lease Sale" request).

40.     On October 24, 2017, Guardians received confirmation from the BLM that it received Guardians' WY March 2018 Lease Sale FOIA request and that its request was being processed. The BLM assigned the number "BLM-2018-00068" to the request.

41.     In its October 24, 2017, letter, the BLM stated it would be placing the request under the "Exceptional/Voluminous" processing track, 43 C.F.R. § 2.15. The BLM also asserted that because of the need to search for and collect requested records from field

facilities or establishments that are separate from the office processing the request, "unusual circumstances" were present meriting a 10-workday extension pursuant to 43 C.F.R. § 2.19. The BLM stated that it expected the request to be processed by November 28, 2017.

42.    On November 30, 2017, the BLM sent Guardians a letter stating that while the Agency was continuing to work on the request, it remains unable to render a determination on the request.

43.    More than 64 days have passed since Guardians submitted its October 16, 2017, FOIA request to the BLM.

44.    To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' WY March 2018 Lease Sale FOIA request or disclosed records responsive to its request.

45.    Guardians has fully exhausted its administrative remedies for its WY March 2018 Lease Sale FOIA request to the BLM. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

**The WY December 2017 Lease Sale FOIA Request (BLM-2018-00117)**

46.    On October 24, 2017, Guardians submitted a fifth FOIA request to the BLM. Guardians' FOIA request was for any and all records concerning or relating to "the competitive oil and gas lease sale scheduled for December 14, 2017" (the "WY December 2017 Lease Sale" request).

47.     On October 26, 2017, Guardians received confirmation from the BLM that it received Guardians' WY December 2017 Lease Sale FOIA request and that its request was being processed. The BLM assigned the number "BLM-2018-00117" to the request.

48.     In its October 26, 2017, letter, the BLM stated it would be placing the request under the "Exceptional/Voluminous" processing track, 43 C.F.R. § 2.15. The BLM also asserted that because of the need to search for and collect requested records from field facilities or establishments that are separate from the office processing the request, "unusual circumstances" were present meriting a 10-workday extension pursuant to 43 C.F.R. § 2.19. The BLM stated that it expected the request to be processed by December 6, 2017.

49.     On November 29, 2017, the BLM sent Guardians a letter stating that while the Agency was continuing to work on the request, it remains unable to render a determination on the request.

50.     More than 58 days have passed since Guardians submitted its October 24, 2017, FOIA request to the BLM.

51.     To date, the BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to Guardians' WY December 2017 Lease Sale FOIA request or disclosed records responsive to its request.

52.     Guardians has fully exhausted its administrative remedies for its WY December 2017 Lease Sale FOIA request to the BLM. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i).

53.     Guardians now turns to this Court to enforce the remedies and public access to

agency records guaranteed by FOIA.

## FIRST CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request
(BLM-2017-00670) Within the Statutory Time Frame**

54.     Guardians incorporates all the allegations in this complaint by this reference.

55.     The BLM has not communicated to Guardians the scope of the documents it

intends to produce and withhold in response to the MT June 2017 Lease Sale FOIA

request, or its reasons for withholding any documents, and has not disclosed to Guardians

records responsive to the MT June 2017 Lease Sale FOIA request.

56.     This failure to make a determination on Guardians' June 2, 2017, FOIA request

(number BLM-2017-00670) within the time frame required by FOIA is a constructive

denial and wrongful withholding of the records Guardians requested in violation of

FOIA, 5 U.S.C. § 552.

57.     Guardians is entitled to reasonable costs of litigation, including attorney fees,

pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request
(BLM-2017-01016) Within the Statutory Time Frame**

58.     Guardians incorporates all the allegations in this complaint by this reference.

59.     The BLM has not communicated to Guardians the scope of the documents it

intends to produce and withhold in response to the MT December 2017 Lease Sale FOIA

request, or its reasons for withholding any documents, and has not disclosed to Guardians

records responsive to the MT December 2017 Lease Sale FOIA request.

60.     This failure to make a determination on Guardians' August 30, 2017, FOIA

request (number BLM-2017-01016) within the time frame required by FOIA is a

constructive denial and wrongful withholding of the records Guardians requested in

violation of FOIA, 5 U.S.C. § 552.

61.     Guardians is entitled to reasonable costs of litigation, including attorney fees,

pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF

### Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request (BLM-2018-00069) Within the Statutory Time Frame

62.     Guardians incorporates all the allegations in this complaint by this reference.

63.     The BLM has not communicated to Guardians the scope of the documents it

intends to produce and withhold in response to the MT March 2018 Lease Sale FOIA

request, or its reasons for withholding any documents, and has not disclosed to Guardians

records responsive to the MT March 2018 Lease Sale FOIA request.

64.     This failure to make a determination on Guardians' October 13, 2017, FOIA

request (number BLM-2018-00069) within the time frame required by FOIA is a

constructive denial and wrongful withholding of the records Guardians requested in

violation of FOIA, 5 U.S.C. § 552.

65.     Guardians is entitled to reasonable costs of litigation, including attorney fees,

pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## FOURTH CLAIM FOR RELIEF

### Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request (BLM-2018-00068) Within the Statutory Time Frame

66.     Guardians incorporates all the allegations in this complaint by this reference.

67.     The BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to the WY March 2018 Lease Sale FOIA request, or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the WY March 2018 Lease Sale FOIA request.

68.     This failure to make a determination on Guardians' October 16, 2017, FOIA request (number BLM-2018-00068) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

69.     Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## FIFTH CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Request (BLM-2018-00117) Within the Statutory Time Frame**

70.     Guardians incorporates all the allegations in this complaint by this reference.

71.     The BLM has not communicated to Guardians the scope of the documents it intends to produce and withhold in response to the WY December 2017 Lease Sale FOIA request, or its reasons for withholding any documents, and has not disclosed to Guardians records responsive to the WY December 2017 Lease Sale FOIA request.

72.     This failure to make a determination on Guardians' October 24, 2017, FOIA request (number BLM-2018-00117) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

73.     Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Guardians respectfully requests that this Court:

A.      Declare that the BLM has violated FOIA by wrongfully withholding the records Guardians requested in its MT June 2017 Lease Sale request (BLM-2017-00670);

B.      Order the BLM to make a determination on Guardians' MT June 2017 Lease Sale FOIA request (BLM-2017-00670) and to provide Guardians with all wrongfully withheld records;

C.      Declare that the BLM has violated FOIA by wrongfully withholding the records Guardians requested in its MT December 2017 Lease Sale request (BLM-2017-01016);

D.      Order the BLM to make a determination on Guardians' MT December 2017 Lease Sale FOIA request (BLM-2017-01016) and to provide Guardians with all wrongfully withheld records;

E.      Declare that the BLM has violated FOIA by wrongfully withholding the records Guardians requested in its MT March 2018 Lease Sale request (BLM-2018-00069);

F.      Order the BLM to make a determination on Guardians' MT March 2018 Lease Sale FOIA request (BLM-2018-00069) and to provide Guardians with all wrongfully withheld records;

G.      Declare that the BLM has violated FOIA by wrongfully withholding the records Guardians requested in its WY March 2018 Lease Sale request (BLM-2018-00068);

H.      Order the BLM to make a determination on Guardians' WY March 2018 Lease Sale FOIA request (BLM-2018-00068) and to provide Guardians with all wrongfully withheld records;

I.      Declare that the BLM has violated FOIA by wrongfully withholding the records

Guardians requested in its WY December 2017 Lease Sale request (BLM-2018-00117);

J.      Order the BLM to make a determination on Guardians' WY December 2017

Lease Sale FOIA request (BLM-2018-00117) and to provide Guardians with all

wrongfully withheld records;

K.      Maintain jurisdiction over this action until the BLM complies with FOIA and

every order of this Court;

L.      Award Guardians its costs and reasonable attorney fees incurred in prosecuting

this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

M.      Grant such other and additional relief as the Court deems just and proper.


Respectfully submitted on the 19th day of January, 2018,


                         /s/ Kelly E. Nokes
                         Kelly E. Nokes (Bar No. MT0001)
                         WildEarth Guardians
                         P.O. Box 7516
                         Missoula, MT 59807
                         (406) 209-9545
                         knokes@wildearthguardians.org


                         /s/ Neil S. Kagan
                         Neil S. Kagan (Bar No. MI0078)
                         WildEarth Guardians
                         80 S.E. Madison Street, Ste. 210
                         Portland, OR 97214
                         (503) 828-7098
                         nkagan@wildearthguardians.org